No. 64

GEDDES v. PAINTER

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5829. Decided June 26, 1925

297. CONTRACT—To constitute a binding contract, the minds of the parties, as to the essential terms of the contract, must meet.

54. AGENCY—To entitle a broker to commission, he must procure a purchaser who is ready, willing and able to meet the terms of the principal's contract.

SAYRE, J.

Fred Geddes brought this action against Kenyon Painter in the Cuyahoga Common Pleas to recover commission for securing a purchaser for Painter's property located at the northeast corner of East 17th Street and Euclid Avenue, Cleveland. From the evidence offered by Geddes, it appears that Painter requested Geddes to find a "lessee" for the

premises in question upon terms which were submitted by Geddes to one Koblitz, the prospective lessee or purchaser, who had several conferences with Painter upon this matter.

The evidence indicated that Geddes was uncertain as to whether Painter was willing to be bound by the terms submitted by him; and it appears from the conferences between Painter and Koblitz that there was a disagreement as to the option to purchase, which was evidenced by a memorandum presented by Koblitz in one of these conferences. Koblitz desired, as part of the agreement, that he should have the option to purchase the premises any time prior to July 1, 1924, which was contrary to the terms submitted by Painter. At the close of all the evidence offered by Geddes, the trial court sustained Painter's motion for a directed verdict; and error was prosecuted to the Court of Appeals as to the ruling of the trial court upon the motion. The Court held:

1. In order to earn his commission, a broker must procure a purchaser who is ready, willing and able to enter into the contract upon his employer's terms.

2. The evidence showed that Geddes prospective lessee disagreed upon a specific provision of Painter's agreement, in that Painter specifically provided in the lease that there shall be no option to purchase, while Koblitz desired an option.

3. An option to purchase is an essential term and it is here shown that the minds of the parties did not meet upon this element and there was no agreement.

Judgment affirmed.

Attorneys—Copeland & Guintrell; Payer, Winch, Minshall & Karch for Geddes; Tolles, Hogsett, Ginn & Morely, and J. W. Reavis for Painter; all of Cleveland.